## ACTION FOR AN ACCOUNTING.

Court of Appeals for Hamilton County.

MORRIS L. BUCHWALTER, ADMINISTRATOR OF THE ESTATE OF THOMAS C. CAMPBELL, DECEASED, v. BYRON M. CLEN-DENING AND THE SNOW-CHURCH COMPANY.

Decided, July 14, 1913.

*Actions—Estoppel Not Avoided by Changing the Form of—Contention Between Law Partners as to the Ownership of Fees.*

A plaintiff against whom judgment has been rendered is estopped from prosecuting a second action against the same defendant for the same subject-matter by merely changing the form of the suit.

*Robertson & Buchwalter,* for plaintiff.
*Ellis G. Kinkead,* contra.

SWING, J.; JONES, E. H., J., and JONES, O. B., J., concur.

This case is here on appeal and is an action for an accounting growing out of a partnership. We are of the opinion that on the law and the facts plaintiff has not made out a case and that his petition should be dismissed.

The evidence seems clear and conclusive to the effect that Mr. Woodward, acting for the Inter-terminal Company, employed Mr. ClenDening to transact the necessary legal business connected with the project in hand; that Mr. ClenDening entered upon the work in the early part of the year 1902; and that he continued in this work under a verbal contract until June 16th of that year. when Mr. Campbell came to Cincinnati, when he advised that the contract should be reduced to writing and this was done. The contract, by mutual consent, and for good reasons as it seemed to both ClenDening and Campbell, was taken in the name of Mr. Campbell, but it was not intended to make the contract made by Mr. ClenDening the individual contract of Mr. Campbell. Very little of the total work done under this contract was done till after the death of Mr. Campbell.

The contract of partnership between Campbell and ClenDening contained this provision:

"In the event of a termination of this agreement, all matters brought into this concern by Mr. ClenDening shall remain in his care as his own business, all other matters to remain the business of Snow-Church Co. or Mr. Campbell. Neither party to have a claim against the other for work done on pending business at the time of termination hereof."

The evidence seems clear that the business connected with the Inter-terminal Company was brought into the "concern" by Mr. ClenDening and all work done under it was done by Mr. ClenDening except the drafting of the contract; and by the express terms of the contract, as well as the justice of the case, Mr. ClenDening should be entitled to the fees earned under the contract.

There seems to us still another reason why the plaintiff should not recover in this action. Some years ago the plaintiff, seeking to recover under this contract brought a suit to which Mr. Clen-Dening was a party, claiming that under the contract he was entitled to the whole amount which was due from the Inter-terminal Company. This suit was decided against the plaintiff in the court of common pleas. and affirmed by the circuit court, and on error to the Supreme Court the judgment of the circuit court was affirmed. In that case the only controversy litigated was whether Campbell or ClenDening was entitled to the fee. The litigation was carried on wholly by the parties to this action. The parties in this action who are interested are the same and the subject of the controversy is the same; the only difference is in the form of the action. Plaintiff having elected to bring this action in the manner he did, and it having been decided against him, should be estopped from prosecuting another action for the same subject-matter in another form.

As to the books and office furniture, that does not appeal to us as being of much moment or serious controversy and should be adjusted by the parties on a fair basis.